IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES ALEXANDER SMITH,
    Petitioner,

vs.                                             Case No.: 5:10cv85/LAC/EMT

UNITED STATES OF AMERICA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner filed a habeas petition under 28 U.S.C. § 2241, naming the United States as Respondent (doc. 3). Respondent has filed a motion to dismiss this habeas action as moot (doc. 44). Petitioner was directed to respond to the motion, but he has not done so.[1]

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration of the issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that this action should be dismissed as moot.

---

[1] On July 7, 2011, the court issued an order directing Petitioner to file a response to the motion to dismiss (doc. 46). The copy of the order sent to Petitioner's address of record (Suwannee Correctional Institution) was returned to the court on July 18, 2011, marked, "Return to Sender; No Such Number; Unable to Forward" (doc. 47). The clerk of court consulted the website for the Florida Department of Corrections ("DOC") and discovered that Petitioner was released on July 1, 2011 (*see* doc. 47); however, a release address was not indicated at that time (*id.*). The clerk consulted the DOC website again on August 10, 2011, at which time a release address of 325 Macon Road, Tallahassee, FL 32312 was provided. The clerk re-sent a copy of the July 18 order to that address. As of the date of this Report, Petitioner has not responded to Respondent's motion. Indeed, Petitioner has filed nothing in this case since May 16, 2011, when he was still incarcerated (*see* doc. 42).

In his habeas petition, Petitioner asserts that in September of 1992, he pleaded guilty in this federal court to charges of making a pipe bomb, making a short barrel shotgun, possession of a firearm by a convicted felon, possession of a pipe bomb, and possession of a short barrel shotgun (doc. 3 at 3; *see* doc. 38, attach. 3).  He was sentenced to a total term of imprisonment of 150 months, and a term of supervision of three (3) years upon release from imprisonment (*id.*). Petitioner states he was received at the federal correctional institution in Atlanta, Georgia, on October 27, 1992 (doc. 3 at 3; *see* doc. 40 at 12).  He states that on January 9, 1993, he was transported to Florida for trial on state charges, including thirteen counts of armed burglary and one count of possession of a destructive device (doc. 3 at 3; *see* doc. 40 at 13).  On May 13, 1993, Petitioner was sentenced to a total term of thirty (30) years in state prison, to run concurrently with any state or federal sentence he was then serving (doc. 3 at 3; *see* doc. 38, attach. 2).  Petitioner states he was placed in DOC custody and has remained there ever since (doc. 3 at 3).  He contends his federal sentence commenced on October 27, 1992, the date he was received in Atlanta, and expired 150 months later, in 2005 (*id.*).  As relief, he seeks credit on his federal sentence for the time spent in DOC custody (*id.* at 6).  He also seeks removal of a detainer lodged against him by federal authorities (*id.*).

Respondent seeks dismissal of the petition on the ground that Petitioner has received the relief he sought, namely nunc pro tunc designation of a DOC facility for service of his federal sentence; therefore, the habeas petition is moot (doc. 44).  In support of the motion, Respondent submitted documentation from the federal Bureau of Prisons ("BOP") stating that the BOP designated the DOC for service of Petitioner's federal sentence (doc. 44, ex. 1).  The documentation further states that the BOP calculated Petitioner's federal sentence as commencing on September 21, 1992, the date it was imposed, and expiring on March 20, 2005 (with a "statutory release date" of August 10, 2003, based upon Petitioner's earning good conduct time to which he was statutorily entitled) (*id.*).  Additionally, the DOC website indicates that the federal detainer was cancelled on June 27, 2011 (*see* attached DOC Inmate Release Information Detail).

Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy.  <u>United States Parole Commission v. Geraghty</u>,

445 U.S. 388, 395–96, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980); Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).  This case-or-controversy limitation serves "two complementary" purposes—it limits the business of federal courts to "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process," and it defines the "role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government." Geraghty, 445 U.S. at 396 (internal quotations and citation omitted).  Likewise, mootness has two aspects:  "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotations and citation omitted).  Thus, if an event occurring after the filing of the lawsuit deprives "the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted); *see also* Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998) ("Throughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" (citation omitted)).

In the instant case, Petitioner's ultimate objective in bringing this habeas action was a determination that his federal sentence commenced in 1992 and expired in 2005.  Because the BOP made such a determination, this court finds that there is no longer a case or controversy to litigate.  A favorable decision on the merits would not entitle Petitioner to any additional relief, and therefore he no longer has a "personal stake in the outcome." *See* Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (holding habeas petition moot where petitioner attacked state's calculation of gain time credits, and petitioner was no longer in custody); Graham v. United States Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner ultimately sought release on parole and was released during pendency of habeas action) (quotations omitted); *see also* Diaz v. Kinkela, 253 F.3d 241, 243–44 (6th Cir. 2001) (holding federal habeas petition moot where petitioner challenged additional period of incarceration for "bad time," but petitioner was released from prison during pendency of proceeding after serving the additional "bad time"); Aragon v. Shanks, 144 F.3d 690, 692 (10th Cir. 1998) (holding federal habeas petition moot where petitioner challenged state's application of good time credits, but petitioner had completed

term of incarceration and a favorable decision would not reduce his probationary period); *see also, e.g.,* United States v. Goss, 96 Fed. Appx. 365 (6th Cir. 2004) (unpublished) (defendant's objections to sentencing calculation were moot once he had served his sentence of six months of incarceration and four months of house arrest); Fields v. Sec'y Dep't of Corr., No. 5:09cv83/RS/EMT, 2009 WL 1456403 (N.D. Fla. May 22, 2009) (unpublished) (where petitioner's ultimate objective in bringing habeas action was to obtain sentence credit, his unconditional release from incarceration with no supervision rendered habeas petition moot); Hubbard v. Crosby, No. 3:04cv347/RV/MD, 2005 WL 5957831 (N.D. Fla. Dec. 20, 2005) (unpublished) (same).

Furthermore, it must be noted that Petitioner does not allege that he may be subjected to future adverse or "collateral" consequences because of the delay in the BOP's nunc pro tun designation, and even if he did so allege, the mere possibility of future consequences is too speculative to give rise to a case or controversy.[2]  *See* Graham, 732 F.2d at 850; Bailey, 821 F.2d at 279 (request for expungement of prison disciplinary record rendered moot by prisoner's release from incarceration; mere possibility of future consequences was too speculative to give rise to case or controversy).  Therefore, the instant petition should be dismissed as moot.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 44) be **GRANTED**.

2. That the habeas petition (doc. 3) be **DISMISSED** as moot.

---

[2] "Collateral consequences" may keep a controversy alive when a habeas petitioner challenges the propriety of his conviction.  *Compare* Sibron v. New York, 392 U.S. 40, 55, 88 S. Ct. 1889, 1898, 20 L. Ed. 2d 917 (1968) (holding that habeas action in which petitioner challenges propriety of conviction is not rendered moot by petitioner's release from incarceration because collateral consequences of conviction exist, including rendering petitioner unable to engage in certain businesses or serve as official in labor union, rendering him ineligible to serve as juror, subsequently increasing current sentence under state recidivist law, or possibly resulting in revocation of business license); *with* Lane v. Williams, 455 U.S. 624, 102 S. Ct. 1322, 71 L. Ed. 2d 508 (1982) (refusing to extend presumption of collateral consequences (or willingness to accept hypothetical consequences) to prisoner's challenge to parole portion of sentence and not conviction, thereby requiring habeas petitioner to prove existence of collateral consequences to overcome mootness issue that arose upon expiration of sentence); Spencer v. Kemna, 523 U.S. 1, 14, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (holding that habeas petitioner challenging parole revocation after his sentence had expired must specifically identify concrete disadvantages or disabilities that had in fact occurred, that were imminently threatened, or that were imposed as a matter of law, and that were attributable to the parole revocation).  In the instant case, Petitioner does not challenge the propriety of his federal conviction; he challenges only the BOP's calculation of his sentence.

Case No: 5:10cv85/LAC/EMT

At Pensacola, Florida, this 6th day of September 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).